United States District Court
Southern District of Texas
**ENTERED**
May 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| **SERGIO ROBERTO PEREZ CORONADO,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. 5:26-CV-00380** |
| § | |
| **PAMELA BONDI,** *et al.*, § | |
| § | |
| **Respondents.** § | |

## ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), brought by Sergio Roberto Perez Coronado ("Petitioner"), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner argues that he has been continuously detained for a period of over nine months without a constitutionally adequate individualized custody hearing. (*Id.* at 3.) The Court ordered Respondents to file a response to the petition by March 20, 2026. (Dkt. 4.)

Respondents filed a timely response and Motion to Dismiss on the grounds that Petitioner is subject to a final order of removal from February 19, 2026. (Dkt. 7.) On March 19, 2026, Respondents informed the Court that the DHS was effectuating Petitioner's final order of removal and intended on removing Petitioner from the United States. (Dkt. 8.) For this reason, the Court ordered a status update from Respondents on whether Petitioner had been removed from the United States. (Dkt. 10.) On April 23, 2026, Respondents filed an advisory notifying the Court that Petitioner had been removed from the United States to Guatemala on March 25, 2026, pursuant to his final order of removal. (Dkt. 11.)

1 / 3

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g., Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Because Petitioner challenged his continued detention as unreasonable and prolonged in violation of constitutional and statutory limits and Petitioner has now been released from confinement in DHS custody, the Petition for Writ of Habeas Corpus is moot because there is no relief to be effectuated by the Court. (*See* Dkt. 1 at 19–21.) If future detention does occur, Petitioner may file another habeas corpus petition at that time.

Accordingly, it is **ORDERED** that this case is DISMISSED WITHOUT PREJUDICE as moot. The Clerk of Court is hereby DIRECTED to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this May 18, 2026.

_____
Diana Saldaña
United States District Judge